# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| QUINTEZ TALLEY, | : | No. 3:17cv965 |
| --- | --- | --- |
| Plaintiff | : | |
| v. | : | (Judge Munley) |
| | : | |
| DORNIA VARNER, et al., | : | (Magistrate Judge Mehalchick) |
| Defendants | : | |

## **MEMORANDUM**

Before the court for disposition is Magistrate Judge Karoline Mehalchick's Report and Recommendation (hereinafter "R&R") which recommends granting the defendants' motion to dismiss. The plaintiff has filed objections to the R&R and the matter is ripe for decision.

**Background**

The facts as alleged in plaintiff's amended complaint are as follows. Plaintiff was at the relevant time a prisoner detained in the State Correctional Institution (hereinafter "SCI") Graterford. (Doc. 10, Amended Compl. ¶ 3). In June 2015, he was transferred to SCI-Smithfield on a writ to appear for his pending sentencing hearing in Centre County Court of Common Pleas. (Id.)

On the morning of June 18, 2015, Talley alleges that he had kicked his cell door repeatedly for nearly an hour in response to an unrelated dispute with a correction officer at SCI-Smithfield. (Id. ¶ 8, 10). After kicking his cell door for

nearly an hour, Talley claims that Defendant Keel, along with approximately six to seven other correction officers, arrived at his cell. (Id. ¶ 10). Defendant Keel ordered Talley to "cuff up", and requested that Talley leave his cell to obtain a photo identification. (Id.) Talley refused to leave his cell and indicated that he had a photo in his property box. (Id.) Plaintiff believed that Defendant Keel used this request as a pretext to physically harm him for previously kicking his cell door. (Id. ¶ 11).

Talley further asserts that Defendant Keel failed to tell him that sheriffs from Centre County had arrived at SCI-Smithfield to escort him to his sentencing hearing, and that Defendant Keel's request that plaintiff leave the cell was for him to attend his state court proceedings. (Id. ¶ 13). After Talley repeatedly refused to leave his cell, Defendant Keel eventually left and did not return for the rest of the morning. (Id. ¶ 14).

Plaintiff asserts that the Centre County Sheriffs had been there to take him to his sentencing. Keel, however, reported that plaintiff had refused to attend court that morning. (Id. ¶ 16). Accordingly, plaintiff's sentencing was continued for two weeks due to plaintiff's failure to appear on June 18, 2015. (Id. ¶ 25). Plaintiff maintains that this delay resulted in an adverse legal action against him, as the Commonwealth attorney subsequently filed a sentencing memorandum. (Id.) The state court judge heavily relied upon this sentencing memorandum in

the rescheduled hearing held on July 2, 2015, and ultimately decided on Talley's sentence of four and a half to nine (4 ½ to 9) years. (Id.)

The Magistrate Judge liberally construed the plaintiff's amended complaint and finds that plaintiff generally argues that Keel lied to the court about the reason plaintiff refused to leave his cell. His failure to attend court on that day caused the court to give him a more onerous sentence because the postponement allowed the government more time to draft a sentencing memorandum.

The amended complaint asserts claims against the following Pennsylvania Department of Corrections (hereinafter "DOC") officials and staff members: the DOC's Chief Grievance Officer, Dorina Varner; the SCI-Smithfield facility manager, Kevin Kauffman; an SCI-Smithfield Corrections Captain, Timothy Sunderland; and an SCI-Smithfield Corrections Lieutenant, Donald Keel.

Plaintiff raises various civil rights causes of action under 42 U.S.C. § 1983 including: violation of the First Amendment right to access to the court; violation of the Eighth Amendment right to be free from cruel and unusual punishment; violation of the Fourteenth Amendment right to due process; and supervisory liability and conspiracy regarding the DOC's handling of his prison grievances.

After plaintiff filed the amended complaint, the defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The

3

parties briefed their respective positions and Magistrate Judge Mehalchick issued an R&R. Plaintiff has filed objections to the R&R bringing the case to its present posture.

**Jurisdiction**

As plaintiff brings suit pursuant to the federal Civil Rights Act, 42 U.S.C. § 1983, we have federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

At issue in the R&R is motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court tests the sufficiency of the

complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

We will review each cause of action discussed by the R&R separately beginning with the plaintiff's First Amendment access to the courts claim.

**1. First Amendment Access to the Courts Claim**

The R&R sets forth plaintiff's First Amendment access to the courts claim as follows: Defendant Keel falsely told the Centre County Sheriffs that plaintiff refused to attend his sentencing hearing on June 18, 2015. The R&R reasons that plaintiff was not injured by the actions of Keel in that the state court rescheduled the sentencing. The court held the sentencing two weeks later and plaintiff appeared and was represented by counsel at those proceedings. Thus, even if it is true that Defendant Keel made a false statement, plaintiff ultimately was not injured. We agree with this analysis.

Plaintiff argues that at the relevant time, he was not a "prisoner" and thus he need not meet the standards that a "prisoner" must meet. Plaintiff's argument is completely without merit. He admits in his complaint that he was imprisoned at the time at SCI-Graterford. He was released to SCI-Smithfield on a writ to appear at court for a sentencing. The fact that he was transferred via a writ to another prison does not make him any less a prisoner. In fact, as set forth above, the whole case involves plaintiff not leaving his cell. Therefore, he was indeed a prisoner at the time of the events in question.

Plaintiff next argues that regardless of whether he was a prisoner or not, he was in fact injured by the delay in sentencing. We find this argument to be frivolous. He claims that the district attorney used the delay as an opportunity to draft a sentencing memorandum which convinced the court to not run his sentences concurrently. This is not a cognizable claim. It is pure speculation on the plaintiff's part as to when the district attorney drafted the sentencing memorandum and what affect it had on the sentencing judge. These allegations fail to support a claim that plaintiff's civil rights have been violated.

## 2. Fourteenth Amendment Claim

Next the R&R addresses plaintiff's Fourteenth Amendment Substantive Due Process claim asserted against Defendant Keel. This claim is based upon the same facts as the "Access to the Courts" claim. The R&R notes that the plaintiff's due process claim is merely duplicative of the access to the courts claim. The law provides that "[w]here a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing [a plaintiff's] claims." Albright v. Oliver, 510 U.S. 266, 273 (1994) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)). Thus, because the First Amendment Access to the Courts claim could specifically address the violation which the plaintiff alleges, he cannot

7

also have a separate substantive due process claim. We agree with this analysis, and the plaintiff's objection on this point will be overruled.

## 3. Attorney-Client Communication

Plaintiff also asserts a claim which he calls, attorney-client communication against Defendant Keel. Plaintiff asserts that Keel engaged in conduct on June 18, 2015, which hindered his ability to communicate with his attorney. With regard to communications with an attorney, the law provides that a prisoner has a right to confidential communications in a private setting. See, e.g., Williams v. Price, 25 F. Supp. 2d 623 (W.D. Pa. 1998). Here, plaintiff does not allege that he was denied such a right. As noted in the R&R, even if taken as true, the allegations in the amended complaint do not establish that Defendant Keel failed to accommodate plaintiff's communication with his attorney in a private setting or somehow rendered any communications with his counsel as non-confidential. Thus, the allegations do not rise to the level of a constitutional violation. We agree with the R&R's analysis, and the plaintiff's objection on this point will be overruled.

## 4. Eighth Amendment Claim

Plaintiff raises an Eighth Amendment claim against Defendant Keel and also against the remaining defendants, Kaufman, Sunderland and Varner. We will address these groups of defendants separately.

8

### 4a. Eighth Amendment claim against Defendant Keel

Plaintiff asserts a direct claim of cruel and unusual punishment against Defendant Keel. The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials provide "humane conditions of confinement." Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 256 (3d Cir. 2010). "For an alleged deprivation to rise to the level of an Eighth Amendment violation, it must result in the denial of the minimal civilized measure of life's necessities." Id. (internal quotation marks and citations omitted). Such necessities include food, clothing, shelter, medical care and reasonable safety. Tillman v. Lebanon Cnty Correctional Facility, 221 F.3d 410, 418 (3d Cir. 2000). Here, plaintiff does not allege that he is being denied basic needs. Thus, he has not pled an Eighth Amendment claim.

### 4b. Supervisory liability

Plaintiff seeks to hold the other prison employees liable for Defendant Keel's alleged constitutional violations. This claim clearly fails as we have determined that plaintiff has not properly alleged a constitutional violation on the part of Defendant Keel. If he did not commit a violation, then the issue of supervisory liability is moot.

Moreover, even if a valid cause of action had been asserted against Defendant Keel, it would be appropriate to dismiss the supervisory liability

claims. To be liable for a civil rights violation, a named defendant must have been personally involved in the events underlying the claim as a defendant may not be held responsible under a respondeat superior theory. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). "[P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." Id. Here, plaintiff has made no such allegations against these defendants.

## 5. Conspiracy Claim

Plaintiff's complaint asserts that "Defendants Kaufman, Sunderland, and Varner all conspired with one another by, after investigating the records regarding [Talley's] grievance claims, using their positions (as officials while responding to Plaintiff's grievance) to knowingly falsify responses to [Talley's] grievances, i.e. using the inmate grievance procedure to sweep Defendant Keel's fabrication under the rug." (Doc. 14, Amended Compl. ¶ 30).

The R&R recommends dismissal of this claim because it lacks non-conclusory, well-pled factual allegations that the defendants formed a conspiracy to deprive him of his rights so as to be more than speculative. Further, the R&R indicates that plaintiff fails to adequately allege a violation of a constitutional right. Thus, there can be no conspiracy to perpetrate such violation.

10

As set forth above, we find that the plaintiff has not properly alleged a violation of a constitutional right. Therefore, we agree with the R&R that there can be no conspiracy claim based on a violation of plaintiff's constitutional rights. Plaintiff's objection on this point will be overruled.

**6. Leave to Amend**

Finally, the R&R discusses whether to dismiss the case with prejudice or to allow the plaintiff leave to amend the complaint. Leave to amend should be granted, except where an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The R&R suggests that granting leave to amend should be granted with regard to plaintiff's Eighth Amendment claim against Defendant Keel, and the supervisory liability claim. It suggests denying leave to amend with regard to the access to the courts, due process, and attorney-client communication claims as futile.

We agree in part. We do not agree that leave should be granted with regard to the Eighth Amendment claim and the supervisory liability claim. Plaintiff has thus far filed two complaints in this case. The complaints, plaintiff's objections, and brief in support of his objections make it clear that his allegations do not amount to a violation of his constitutional rights.

Plaintiff admits he was housed at the prison awaiting sentencing. On the morning of the sentencing he kicked against the bars and then refused to leave

11

when Defendant Keel came for him. He was afraid Keel was going to punish him for kicking the cell. Now plaintiff asserts, that although he was the one who engaged in disruptive behavior and refused to leave his cell, Keel's actions violated his constitutional rights. The plaintiff's sentencing was rescheduled. He asserts that he was injured because the government had time, due to the delay, to file a convincing sentencing memorandum. These allegations amount to a frivolous cause of action. Plaintiff suffered no injury here. His claim that the delay allowed time for the government to a file a sentencing memorandum which swayed the judge is merely speculation. No constitutional deprivation is present. Plaintiff's own actions brought about the continuance and merely because he does not agree with the outcome does not turn these facts into a constitutional violation. Thus, we will not grant plaintiff leave to file a second amended complaint.

**Conclusion**

For the reasons set forth above, we will adopt the R&R in part. We will adopt it with regard to the dismissal of all of the plaintiff's claims. We will not adopt it as to granting plaintiff leave to file a second amend complaint. We will thus dismiss the case with prejudice. To the extent that the amended complaint asserts any state law causes of action, we decline to exercise jurisdiction over them. An appropriate order follows.

BY THE COURT:

Date: <u>March 28, 2019</u>  <u>s/ James M. Munley</u>
**JUDGE JAMES M. MUNLEY**
**United States District Court**